## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| AD HOC RESEARCH ASSOCIATES, LLC, | * |
| Petitioner, | * |
|  | * |
| v. | * |
|  | * Civil No. 24-3069-BAH |
| EVAN GERTIS, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Petitioner Ad Hoc Research Associates, LLC ("Petitioner") filed the above-captioned petition to confirm an arbitration award. ECF 1.[1] Pending before the Court are essentially two motions filed by pro se Respondent Evan Gertis ("Respondent"). First, in response to the petition, Respondent filed an answer in which he seeks dismissal of this action. ECF 8. Petitioner, treating this filing as a motion to dismiss,[2] filed an opposition. ECF 12. Respondent replied, again asking that the action be dismissed. ECF 14. Respondent also filed a motion to transfer venue. ECF 22. Petitioner opposed the motion to transfer. ECF 23. Respondent replied. ECF 24. Both motions are now ripe for disposition, as is the petition to confirm the arbitration award. Respondent has also filed a motion to postpone a hearing. ECF 28. There is no hearing currently scheduled in this

---

[1] The Court refers to all filings by the ECF-generated page numbers at the top of the page.

[2] Judge Coulson, who was originally assigned to the case, also considered the answer to be a motion to dismiss and denied it without prejudice to Respondent's right to renew the motion as pursuant to Standing Order 2019-07 as the parties had not filed their consents/declinations to proceed before a United States Magistrate Judge. ECF 13 (paperless order); ECF 15 (paperless order).

case, so the motion will be denied as moot.[3] The Court has reviewed all relevant filings and finds

that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated

below, Respondent's motion to dismiss and motion to transfer are **DENIED**, and Petitioner's

petition to confirm arbitration award is **GRANTED**.

## I.    Motion to Dismiss

A defendant or respondent may move to dismiss an action under Federal Rule of Civil

Procedure 12(b) for lack of subject matter jurisdiction, lack of personal jurisdiction, improper

venue, insufficient process, insufficient service of process, failure to state a claim upon which

relief can be granted, and/or failure to join a required party. Fed. R. Civ. P. 12(b).

Respondent argues that dismissal is appropriate here because of an "absence of compelling

evidence against [him], his "proactive efforts to address concerns raised by AD-Hoc Research,"

and unspecified "discrepancies in the legal proceedings, including the actions of Arbitrator David

Clark and the deceitful conduct of the plaintiff, Pritesh Patel." ECF 8, at 1.

> In his reply, he specifies the three grounds on which he moves for dismissal:
>
> - The arbitration process was attended and participated in as required. The violation of MD Rule 19-303.3 (Candor to the Tribunal) effective July 1, 2023, under the arbitration agreement is a key factor for dismissal.
>
> - Aron Zavaro [opposing counsel] lied when he stated in the hearing that I never contacted legal representation and claimed to not have received communications from me.
>
> - Arbitrator David Clark said he would honor my deposition requests submitted before Nov 29th, but my depositions were never honored.

---

[3] A show cause hearing was scheduled for January 31, 2025, for failure to comply with Standing Order 2019-07. ECF 16. That show cause hearing was subsequently cancelled, ECF 17 (paperless order), and the case was reassigned to the undersigned.

ECF 14, at 1. None of these stated grounds fall into any of the bases for dismissal contemplated by Federal Rule of Civil Procedure 12(b) listed above. Accordingly, Respondent's motion to dismiss will be denied. The Court will consider this filing below as an opposition to the petition to confirm the arbitration award.

## II.   Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "On a motion to transfer, the Court first asks whether the action could have been brought in the transferee district." *D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 777–78 (D. Md. 2009). "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's [or petitioner's] choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat'l. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015). "The decision whether to transfer is committed to the sound discretion of the trial court." *Mamani v. Bustamante*, 547 F. Supp. 2d 465, 469 (D. Md. 2008).

Respondent, who resides in South Carolina, seeks to have this action transferred to the District of South Carolina "due to communication challenges" with the Clerk's office. ECF 22, at 1. Respondent asserts that "[e]ffective communication is essential in ensuring a fair and efficient legal process, and the lack of responsiveness has hindered [his] ability to proceed effectively in this manner." *Id.* In opposition, Petitioner argues that Respondent has failed to establish that the four factors articulated above are met here. *See* ECF 23, at 1–3. Petitioner highlights that its choice of forum—Maryland—is to be given substantial weight, Petitioner is a Maryland

3

corporation, and Respondent entered into an employment contract and arbitration process governed by Maryland law. *Id.* at 1. Petitioner asserts that Respondent has not pointed to any witnesses or evidence in South Carolina and that this action is a petition to confirm an arbitration award, which does not require evidence or witnesses like typical litigation does. *Id.* at 2. Finally, Petitioner argues that the interest of justice counsels that this Court, which is located in Maryland and is therefore presumably more familiar with Maryland law than a federal court in South Carolina, should hear the arbitration petition, which is governed by Maryland law. *Id.* at 3. In reply, Respondent counters that his "financial limitations and self-representation significantly hinder [his] ability to travel to Maryland, making South Carolina a reasonable venue." ECF 24, at 1. Citing "Harris v. Harris, 2014 WL 1255149 D. Md. 2014),"[4] Respondent asserts that the "logistical challenges" he faces warrant transfer, and that the Court "must also consider the ability of the parties to effectively participate in the proceedings" in the interests of justice analysis. *Id.*[5]

As a preliminary matter, this action could have been brought in the District of South Carolina where Respondent is a resident. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,* 529 U.S. 193, 204 (2000) (holding that a motion to confirm, vacate, or modify an arbitration award may be brought in a venue proper under 28 U.S.C. § 1391 or under 9 U.S.C. §§ 9–11, the Federal Arbitration Act's venue provisions); ECF 1-1, at 7–8 (arbitration agreement noting that Maryland law governs but silent as to venue); 28 U.S.C. § 1391(b)(1) (noting that venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which

---

[4] The Court is unable to find this case, as well as "Reed v. McGowan, 2018 WL 4516726 (D. Md. 2018)," ECF 24, at 1, also cited by Respondent. A query of these two cases in Westlaw does not retrieve any cases bearing the respective captions.

[5] Respondent does not challenge that the District of Maryland is an improper venue.

4

the district is located"). Nevertheless, the Court will deny the motion to transfer venue, as Respondent has not established that the above factors are met.

First, Petitioner chose the District of Maryland venue, a decision which is "entitled to substantial weight." *Trustees of the Plumbers*, 791 F.3d at 444 (quoting *Bd. of Trs. v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007)). Second, Respondent has not established that convenience of the parties or witnesses justifies transfer to South Carolina. While Respondent undoubtedly would prefer to litigate closer to home, "[t]he convenience of the parties' factor is 'chiefly operative' in cases where a plaintiff has chosen a forum away from either party's home." *Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 136 (D. Md. 2024) (quoting *Manne v. Jaddou*, No. CV 21-1092-PJM, 2022 WL 102853, at *8 (D. Md. Jan. 11, 2022)). Here, Petitioner is a Maryland corporation, so this factor is neutral. As to witnesses, "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience." *Koh v. Microtek Int'l*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003). While Respondent asserts that he "would like to invite witnesses such as family member[s] and/or physicians who have first hand witnessed the emotional and psychological trauma caused by the plaintiff[']s actions," ECF 24, at 1, he has not provided sufficient details to meet his burden. First, it is not clear in what context the proffered testimonial evidence would be offered, as this case is a summary proceeding concerning the confirmation of an arbitration award. *See generally* ECF 1. Further, Respondent has not established that traveling to Maryland for any future potential in-

person hearing—which, to be clear, are not currently scheduled[6]—would be inconvenient to his proffered witnesses.

Finally, the interest of justice also weighs against Respondent. While "[t]his factor is 'amorphous and somewhat subjective,'" *Menk*, 713 F. Supp. 3d at 139 (quoting *Kimber v. Plus3 IT Sys., LLC*, Civ. No. ELH-18-3046, 2019 WL 1518970, at *6 (D. Md. Apr. 5, 2019)), this consideration "includes, *inter alia*, 'the court's familiarity with applicable law,'" *Lynch v. Vanderhoef Builders*, 237 F. Supp. 2d 615, 618 (D. Md. 2002) (quoting *Baylor Heating & Air Cond., Inc.*, 702 F. Supp. 1253, 1260 (E.D. Va. 1988)). The arbitration award applied Maryland law, as required by the confidentiality and arbitration agreements. *See* ECF 1-1, at 5 (noting that confidentiality agreement to be governed by Maryland law); *id.* at 7–8 (arbitration agreement noting that Maryland law governs); ECF 1-4, at 9–10 (arbitrator's order applying Maryland law). A federal court sitting in Maryland is more likely to be familiar with Maryland law than one in South Carolina. Moreover, despite Respondent's claimed logistical trouble with the Clerk's Office, the docket reflects that his responses have been timely. *See* ECF 8 (answer filed within seven days of the summons being issued); ECF 14 (reply filed within fourteen days of opposition); ECF 24 (reply filed within one day of opposition). Thus, Respondent has been able to effectively participate in this action. For these reasons, Respondent's motion to transfer venue, ECF 22, is denied.

## III.    Petition to Confirm Arbitration Award

The Court now turns to the merits of the petition to confirm the arbitration award. "The Federal Arbitration Act (FAA or Act), 9 U.S.C. § 1 *et seq.*, provides for expedited judicial review

---

[6] It is generally within the Court's discretion whether to hold a hearing or whether to rule on motions on the papers. *See* Loc. R. 105.6 (D. Md. 2023).

to confirm, vacate, or modify arbitration awards." *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 578 (2008) (citing 9 U.S.C. §§ 9–11). "The Act also supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." *Id.* at 582 (citing 9 U.S.C. §§ 9–11). "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary: confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). "An application for any of these orders will get streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs. LLC*, 552 U.S. at 582. (citing 9 U.S.C. § 6). "Review of an arbitrator's award is severely circumscribed." *Apex Plumbing Supply, Inc. v. U.S. Supply Co.*, 142 F.3d 188, 193 (4th Cir. 1998). "Under the terms of § 9, a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs. LLC*, 552 U.S. at 582 (quoting 9 U.S.C. § 9). Section 10 allows a court to vacate an arbitration award in the following circumstances:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. Section 11 allows for modification:

(a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

(b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

*Id.* § 11. Motions to vacate, modify, or correct an arbitration award must be made within three months after the award is issued. *Id.* § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986) (holding that "once the three-month period has expired, an attempt to vacate an arbitration award could not be made even in opposition to a later motion to confirm" (citing *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 174–75 (2d Cir. 1984))); *Choice Hotels Int'l, Inc. v. Shiv Hosp., LLC*, 491 F.3d 171, 177 (4th Cir. 2007) (explaining that under 9 U.S.C. § 12, a party has three months from the date the arbitration award was issued "to contest the award"); *Int'l Relief & Dev., Inc. v. Ladu*, 474 F. App'x 165 (4th Cir. 2012) (per curiam)("In this case, the district court made a factual finding that the award was served on Ladu on July 21, 2011. Ladu therefore had until October 21, 2011, to file a motion to vacate the award."); *Integrity Nat'l Corp., Inc. v. DSS Servs., Inc.*, Civ. No. PWG-17-160, 2017 WL 6492718, at *5 (D. Md. Dec. 19, 2017) (holding that serving a notice of motion to vacate does not "toll the deadline for filing and service of a motion to vacate" or "serve as a substitute for a motion to vacate" and that "serving a notice without filing a motion does not suffice").

Here, the arbitrator granted Petitioner's motion for summary judgment on March 11, 2024, finding that Respondent breached the employment contract with Petitioner and violated the Maryland Uniform Trade Secrets Act, Md. Code Ann., Com. Law § 11-1201 *et seq.* when he

8

uploaded Petitioner's proprietary code to GitHub.[7]  ECF 1-4, at 9–10.  Respondent "did not file an

Opposition in response to [Petitioner's motion for summary judgment], before or after the date set

by the Arbitrator's scheduling order" and did not submit "evidence to contest any of the facts or

arguments submitted by" Petitioner.  ECF 1-4, at 8.  The arbitrator issued an interim award on

damages on July 1, 2024, ECF 1-5, and a final arbitration award on September 12, 2024, ECF 1-

6.  Petitioner seeks confirmation of "Paragraph 4 of Arbitrator Clark's Interim Award . . .

instructing Evan Gertis to return the Ad Hoc company laptop in his possession effective

immediately" and of the "Final Arbitration Award . . . instructing Evan Gertis to pay Ad Hoc

$148,952.50, plus interest."  ECF 1, at 9.

       The Court will grant Petitioner's confirmation petition.  First, any party seeking to vacate,

modify, or correct the final award had to have sought to do so by December 12, 2024.  Respondent

has not so moved, so the Court is constrained by the inflexibility of the FAA to confirm the award.

Even if the Court were to construe Respondent's motion to dismiss, filed on October 30, 2024, as

a timely motion to vacate the arbitration award, vacatur would not be proper.  That filing contains

vague and unsupported assertions of "discrepancies in the legal proceedings, including the actions

of Arbitrator David Clark and the deceitful conduct of the plaintiff, Pritesh Patel."  ECF 8.  Further,

---

[7] The employment contract contained an arbitration agreement, whereby the parties agreed to exclusive binding arbitration:

> Employer and you hereby agree that any controversy or claim arising under federal, state, and local statutory or common or contract law between Employer and you involving the construction or application of any of the terms, provisions, or conditions of the Agreement, including, but not limited to, breach of contract, tort, and/or fraud, must be submitted to neutral binding arbitration on the written request of either Party served on the other.  Arbitration shall be the exclusive forum for any such controversy.

ECF 1-1, at 7.

in reply, Respondent vaguely asserts that opposing counsel "lied" by "stat[ing] in the hearing that [Respondent] never contacted legal representation and [by] claim[ing] to not have received communications from [Respondent]," in violation of Maryland Rule of Professional Conduct 19-303.3. *See* ECF 8. These claims do not merit vacatur. Respondent also fails to explain the relevance of his "deposition requests," or their potential bearing on Petitioner's motion for summary judgment, which Respondent appears to have not opposed. None of these bare accusations, unsupported by any specific facts, are sufficient to meet the "heavy burden" on a party seeking vacatur of an arbitration award. *Acceleration Acads., LLC v. Charleston Acceleration Acad., Inc.*, 858 F. App'x 606, 607 (4th Cir. 2021).

Respondent's correspondence filed on December 18, 2024, fails to cure these deficiencies, and would be untimely if construed liberally as a motion to vacate.[8] In that correspondence, Respondent accuses opposing counsel of "unethical stalking on social media platforms such as Instagram, providing false testimony under oath, and manipulating the arbitration process unfairly." ECF 25, at 1. In response, Petitioner explains that "[r]egarding the claim of stalking, Mr. Gertis is merely referring to the fact that screenshots from his public social media profiles were used as evidence in the arbitration . . . ." ECF 26, at 3. "Regarding the allegation of false testimony, undersigned counsel was not a witness in the Arbitration and did not offer any testimony, let alone false testimony." *Id.* In further correspondence, Respondent asserts that:

- The maneuvers employed by Thatcher Law to sway the situation in their favor, lead to an unjust arbitration process.

- Pritesh Patel's breach of the employee handbook and my right to sue as granted by the EEOC invalidates my employment contract with AD-Hoc Research and Associates.

---

[8] This correspondence was filed under seal at the Court's direction because it contains Respondent's sensitive health information.

- The plea for the case to be relocated to a district for a feasible in-person hearing due to financial hardship and the mental well-being repercussions caused by Patel's actions is a reasonable request.

- Aron Zavaro's failed attempt to conduct a deposition and the Arbitrator's deviation from AAA guidelines, depriving me of the agreed opportunity for depositions should be considered as a determining factor for transferring the case to a district where a hearing can be conducted in person.

ECF 27, at 1. These vague accusations also fail to meet the heavy burden of vacatur, even if they were timely made.

Because the parties entered into exclusive, binding arbitration, Petitioner timely moved to confirm the arbitration award, and no party has timely moved to vacate, modify or correct the award, Petitioner's petition to confirm the award will be granted.

## IV. Conclusion

For these reasons, Respondent's motion to dismiss, ECF 8, and his motion to transfer venue, ECF 23, are DENIED, and Petitioner's petition to confirm arbitration award, ECF 1, is GRANTED. A separate implementing order will issue.

Dated: January 14, 2025                                              /s/
                                                    Brendan A. Hurson
                                                    United States District Judge